Matthew P. Minser, Esq. (SBN 296344)
Luz E. Mendoza, Esq. (SBN 303387)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com
Email: lmendoza@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; DAN REDING and JAMES E. MURRAY, Trustees; | Case No.: |
| PENSION TRUST FUND FOR OPERATING ENGINEERS; DAN REDING and JAMES E. MURRAY, Trustees; | **COMPLAINT** |
| PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; | |
| OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; DAN REDING and JAMES E. MURRAY, Trustees; | |
| OPERATING ENGINEERS LOCAL UNION NO. 3 VACATION, HOLIDAY AND SICK PAY TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; and | |
| OPERATING ENGINEERS LOCAL 3 HEAVY AND HIGHWAY TRUST FUND, | |
| Plaintiffs, | |

1

**COMPLAINT**
**Case No.**

\\SJLAW-FILES\Public\CLIENTS\OE3CL\Brambila-Kelley, Inc\Pleadings\Word Versions + Fillable .PDFs\Complaint 062122.docx

|     |     |
| --- | --- |
|     | v. |
|     | BRAMBILA & KELLEY INC., a California Corporation dba JB ELECTRIC AND CONSTRUCTION; BRAMBILA & KELLEY INC., a California Corporation dba TRI VALLEY ELECTRIC INC.; BRAMBILA & KELLEY INC., a California Corporation dba TRI VALLEY MAINTENANCE & REPAIR INC.; JUAN BRAMBILA aka JOHN BRAMBILA, an individual, |
|     | Defendants. |

Parties

1. The Operating Engineers' Health and Welfare Trust Fund for Northern California ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan) ("Pension Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund, Pension Fund, Pensioned Health Fund, Affirmative Action Training Fund, and Vacation Fund, and have authority to act on behalf of all Trustees of those Funds. The Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2. The Operating Engineers Local 3 Heavy and Highway Trust is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3. Brambila & Kelley Inc., a California Corporation dba JB Electric and Construction, ("Brambila & Kelley"), and Juan Brambila aka John Brambila, an individual, are employers by virtue

1. of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

4. Plaintiffs allege that pursuant to a Stipulation for Entry of Judgment (the "Stipulation"), Defendant Juan Brambila aka John Brambila bound any additional entities in which he is an officer, owner, or possesses any controlling interest. By virtue of that Stipulation, Plaintiffs allege that Defendants Brambila & Kelley Inc. dba Tri Valley Electric Inc., Brambila & Kelley Inc. dba Tri Valley Maintenance & Repair Inc. (collectively the "non-signatory Defendants"), and Defendant Brambila & Kelley are bound such that the non-signatory Defendants are liable for Defendant Brambila & Kelley's liability to Plaintiffs. Therefore, Plaintiffs allege that the non-signatory Defendants are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

5. Brambila & Kelley, Juan Brambila aka John Brambila, and the non-signatory Defendants are collectively referred to herein as "Defendants."

## Jurisdiction

6. Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

7. Jurisdiction exists in this Court over all the claims by virtue of the LMRA § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Collective Bargaining Agreement.

8. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

9. Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a

3

COMPLAINT
Case No.
\\SJLAW-FILES\Public\CLIENTS\OE3CL\Brambila-Kelley, Inc\Pleadings\Word Versions + Fillable .PDFs\Complaint 062122.docx

defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

10. Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

### Intradistrict Assignment

11. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendants therefore failed to fulfill their statutory and contractual obligations to Plaintiffs.

### Bargaining Agreements

12. Defendant Juan Brambila aka John Brambila, on behalf of Defendant Brambila & Kelley entered into the Independent Northern California Construction Agreement (the "Independent Agreement") with the Union, which incorporates the current Master Agreement ("Master Agreement") between the Union and the Associated General Contractors of California, Inc. Under the terms of the Independent Agreement, the principal shareholder(s) of Defendant Brambila & Kelley personally guaranteed all amounts claimed herein. Plaintiffs are informed and believe, and therefore, allege that Defendant Juan Brambila aka John Brambila is a principal shareholder of Defendant Brambila & Kelley. The Independent Agreement and Master Agreement are collectively referred to hereinafter as the "Bargaining Agreements." The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Fund ("Trust Agreements") require Defendants to provide employer contributions to Plaintiffs' Funds, to the Union for union dues, and to the Bargained Entities more fully described in the Bargaining Agreements. ERISA Plaintiffs are third party beneficiaries of the

Bargaining Agreements.

13. Under the terms of the Bargaining Agreements, and Trust Agreements incorporated therein, Defendants are required to pay certain contributions to the Operating Engineers' Vacation, Holiday & Sick Pay Trust Fund, Contract Administration Fund; Job Placement Center and Market Area Committee Administration Market Preservation Fund; Construction Industry Force Account, Operating Engineers Industry Stabilization Trust Fund; Heavy & Highway Trust Fund, and Business Development Trust Fund (including the California Alliance for Jobs) (together referred to herein as "Bargained Entities") and dues to the Union. Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

14. Under the Bargaining Agreements and Trust Agreements, which are incorporated into the Bargaining Agreements and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month during which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

15. The Bargaining and Trust Agreements further require Defendants to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendants as is necessary to determine whether Defendants have made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the

5

**COMPLAINT**
**Case No.**

1  amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and
2  Trust Agreements.

Factual Allegations

16. On January 12, 2022, Defendant Juan Brambila aka John Brambila, on behalf of Defendant Brambila & Kelley, entered into the Stipulation with the Plaintiff Trust Funds to pay amounts owed to the Trust Funds as set forth in the Stipulation. Attached hereto as **Exhibit 1** is a copy of the Stipulation.

17. Defendants Brambila & Kelley and Juan Brambila aka John Brambila are in default of the Stipulation as they failed to pay their agreed to payments for amounts due to the Trust Funds for outstanding delinquencies for the months of May 2021, September 2021, October 2021, and November 2021.

18. Pursuant to the Stipulation, Defendants Brambila & Kelley and Juan Brambila aka John Brambila agreed to "consent to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings, including, entry of Judgment. Employer further confirms that if a Complaint is filed and Judgment is entered, all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which either Employer joins or merges, if any, **shall also be bound by the terms of the Judgment**. **This shall include any additional entities in which Individual [Juan Brambaila aka John Brambila] is an officer, owner or possesses any controlling ownership interest.**" (emphasis added).

19. Plaintiffs are informed and believe that Defendants Brambila & Kelley, Brambila & Kelley Inc. dba Tri Valley Electric Inc., and Brambila & Kelley Inc. dba Tri Valley Maintenance & Repair Inc. list Defendant Juan Brambila aka John Brambila as their Responsible Managing Officer, CEO, and President on the Contractor's State Licensing Board's ("CSLB") website. Attached hereto as **Exhibits 2, 3 and 4** are true and correct copies of Defendants Brambila & Kelley, Brambila & Kelley Inc. dba Tri Valley Electric Inc., and Brambila & Kelley Inc. dba Tri Valley Maintenance & Repair Inc.'s "Personnel List", respectively, with the CSLB.

20. Therefore, based on the terms of the Stipulation, the non-signatory Defendants are bound

to the terms of the Stipulation signed by Defendant Juan Brambila aka John Brambila on behalf of Defendant Brambila & Kelley and any judgment entered by this Court. The non-signatory Defendants are therefore liable for Defendants Brambila & Kelley and Juan Brambila aka John Brambila's liability to Plaintiffs.

21. Plaintiffs are informed and believe that at all times relevant herein, the non-signatory Defendants had notice of Defendants Brambila & Kelley and Juan Brambila aka John Brambila's liabilities to Plaintiffs given that Juan Brambila aka John Brambila signed the Stipulation and is the common owner and/or officer among all Defendants.

22. Brambila & Kelley has failed to report and pay contributions for hours worked by its employees during the month of May 2022. Liquidated damages and interest are owed to Plaintiffs for the unreported and unpaid contributions for that month.

23. Brambila & Kelley has failed to pay a contribution balance for hours worked by its employees during the month of November 2021. Liquidated damages and interest are owed to Plaintiffs for the reported but unpaid contribution balance for that month.

24. Brambila & Kelley has also failed to pay liquidated damages and interest for late-paid contributions for hours worked by their employees during the months of May 2021, September 2021, and October 2021.

25. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any additional months Defendants fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants. The Stipulation also specifically obligates Defendants, upon default, to not only pay all amounts owed pursuant to the Stipulation, but also any additional current contribution, liquidated damages, interest, and attorneys' fees and costs incurred, including any amounts found due on audit or through review of paystubs. (**Exhibit 1**, ¶6(d).)

26. When a default occurs, the Stipulation states that:

     i. The Trust Funds shall make a written demand to Employer, to cure the default within seven (7) days of the date of the notice from the Trust Funds. (**Exhibit** 1, ¶6.)

     ii. The notice will be sent to Employer by email at the following email address: accounting@jbcc-inc.com and by regular U.S. Mail to 3295 Shelby Place, Fairfield, CA 94534. *Id.*

     iii. In the event that the default is not cured within seven (7) days of the date of the notice, the following will occur:

1. The Trust Funds will immediately refer this matter to the Trust Funds' Legal Counsel. (**Exhibit 1**, ¶6(a).)
2. Legal Counsel will file both a Complaint (lawsuit) and the Stipulation with the Court for the purpose of having Judgment immediately entered. (**Exhibit 1**, ¶6(b).)
3. A Declaration by Legal Counsel or an authorized representative of the Trust Fund (such as the Fringe Benefit Director) as to what amount remains due will be filed with the Stipulation and is sufficient to have Judgment entered in that amount The Judgment shall include all attorneys' fees and costs incurred from the date of default. *Id.*

27. Plaintiffs sent a Default Notice on May 5, 2022. No response was received. Plaintiffs sent a second Default Notice on May 26, 2022. No response was received. True and correct copies of the Default Notices are attached as **Exhibit 5**.

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

28. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 27 above.

29. Defendants Brambila & Kelley and Juan Brambila aka John Brambila have a contractual

duty to timely pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements and pursuant to the Stipulation.

30. Defendants Brambila & Kelley and Juan Brambila aka John Brambila also have a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

31. In addition, Defendants Brambila & Kelley and Juan Brambila aka John Brambila have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

32. By failing to make the required reports and payments to Plaintiffs, Defendants Brambila & Kelley and Juan Brambila aka John Brambila breached the Bargaining Agreements, Trust Agreements, and Stipulation and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

33. Defendants Brambila & Kelley and Juan Brambila aka John Brambila's failure and refusal to pay the required contributions, plus liquidated damages and interest thereon and on late-paid contributions, was at all times, and still is, willful. Defendants Brambila & Kelley and Juan Brambila aka John Brambila continue to breach the Bargaining Agreements, and incorporated Trust Agreements by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

34. As discussed in more detail above, the non-signatory Defendants are bound to pay the amounts owed by Brambila & Kelley pursuant to the terms of the Stipulation.

35. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining Agreements and Trust Agreements, and are restrained from

continuing to refuse to perform as required thereunder.

36. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

37. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against all Defendants as follows:

   (a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and pursuant to the Stipulation;

      i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements and pursuant to the Stipulation;

      ii. To the Union in accordance with the Bargaining Agreements.

   (b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c) and pursuant to the Stipulation.

   (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B) and pursuant to the Stipulation.

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in

accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs and pursuant to the Stipulation.

3. For an order,

    (a) requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining and Trust Agreements and pursuant to the Stipulation;

    (b) enjoining Defendants from violating the terms of those documents and of ERISA; and

    (c) enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendants' business until said terms have been complied with.

4. That the Court retain jurisdiction of this case pending compliance with its orders.

5. For such other and further relief as the Court may deem just and proper.

DATED: June 22, 2022                    SALTZMAN & JOHNSON LAW CORPORATION

By: _____/S/_____
Luz E. Mendoza
Attorneys for Plaintiffs Operating Engineers' Health And Welfare Trust Fund, et al.